Anthony M. Litoti, J.
In an action by a judgment creditor to set aside the alleged fraudulent transfer of property by the judgment debtor, the plaintiff moves to examine a third party as a witness before trial.
Plaintiff alleges that the judgment debtor transferred to his wife, the other defendant in this action, his interest in one Colony Gardens, Inc., and that after this conveyance the aforementioned corporation was dissolved and that a successor copartnership, Colony Gardens, was established. The plaintiff argues that since (1) the third party was an officer and director of Colony Gardens, Inc., together with the judgment debtor from the time the corporation was incorporated until it was dissolved; (2) he is the managing agent and attorney for the successor copartnership; and (3) his wife, a former stockholder of Colony Gardens, Inc., is a partner with the judgment debtor’s wife in the copartnership known as Colony Gardens, there is a sufficient showing of special circumstances to warrant his examination. In any event the plaintiff contends that the witness to be examined has demonstrated his hostility to the plaintiff by his reluctance to testify as a witness in supplementary proceedings brought by the judgment creditor in an attempt to enforce its judgment against the judgment debtor, and that he has suffered two serious and severe heart attacks which may prevent bim from attending the trial of this action.
The mere statement that the witness has suffered heart attacks without more does not establish reasonable ground for the belief that he is so sick or infirm that he will not be able to *727 attend the trial. (Matter of Nussbaum, 158 Misc. 380.) However, the circumstances in the ease at bar indicate a close, personal and business relationship between the defendant and the witness and that the witness has special knowledge of the facts. Therefore, a sufficient showing of special circumstances has been made to warrant his examination. (Lyon v. Fieldgren Realty Corp., 190 Misc. 700, affd. 273 App. Div. 917; see, generally, Laruffa v. Astarita, 264 App. Div. 785; Farber v. De Bruin, 253 App. Div. 909; Bartlett v. Sanford, 244 App. Div. 722.) Accordingly, the motion is granted.