Richard D. Simons, J.
Plaintiff sues to recover damages allegedly due him by reason of a contract of insurance between the plaintiff and the defendant described as a “ Custom-rite (Family Automobile Policy).” By the terms of that policy’s medical payments provision, the defendant promised to pay to the plaintiff and each of his relatives who sustained bodily injury or death while occupying or through being struck by an automobile ‘ ‘ all reasonable expenses incurred within one year from the time of the accident for necessary medical, surgical, x-ray and dental services, including prosthetic devices, all necessary ambulance, hospital, professional nursing and funeral services.”
On July 9, 1964, while the policy was in effect, the plaintiff’s daughter, Judith L. West, while riding as a guest in an automobile operated in the State of North Carolina, sustained bodily injuries which resulted in her death. Among other expenses, is the alleged expenditure of $1,050 for a marble cemetery stone marking the decedent’s grave. The defendant denies its obligation to pay for the stone under the terms of the policy.
The plaintiff, by notice, proceeded to require the deposition of some officer or employee of the defendant and requested pursuant to article 31 of the CPLR that he produce upon such *29 examination ‘ ‘ all books, papers and other records in the possession, custody or control of the defendant relating to, or having anything to do with payments for funeral services, including payment for cemetery markers, monuments or grave stones, made at any time by said defendant to any person insured by the said defendant under the provisions of a Custom-rite Family Automobile policy.”
The defendant moves for a protective order pursuant to CPLR 3103 claiming that the information sought is not material and necessary to the trial of the action, that its production would be burdensome and that the issue involved consists solely of the legal interpretation of the terms of the policy.
CPLR 3101 provides that there shall be full disclosure of all evidence, material and necessary in the prosecution of an action subject to certain exceptions not here pertinent. The word ‘ ‘ evidence ’ ’ as used in the statute has not been held equivalent to that evidence which might be admissible upon the trial of the action. Disclosure extends to all relevant information calculated to lead to relevant evidence. The statute is construed to mean “ evidence required in preparation for trial.” (Beyer v. Keller, 11 A D 2d 426; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.04 et seq.) Documents sought to be discovered need no longer be primary evidence. (Padilla v. Damascus, 16 A D 2d 71.) If the information is sought in good faith for possible use as evidence in chief or in rebuttal or for cross-examination, it should be considered material and necessary in the prosecution or defense of the action. If there is some doubt of admissibility upon the trial of the action, Special Term should permit discovery leaving the ultimate decision to the trial court. (Field v. Goodrich Co., 124 N. Y. S. 2d 256.)
Involved in this action is the interpretation of the words ‘ ‘ funeral services” contained in the policy. I am not prepared to say at this point as a matter of law that the language is so clear and unambiguous in denying coverage for the cost of a gravestone that there can be no valid purpose served by permitting the discovery sought. The general rules of construction require a written contract to be interpreted by the court without resort to extrinsic evidence when the language is clear and unequivocal. However, if the words are ambiguous and uncertain of meaning, resort may be had to outside evidence. A proper consideration to be weighed by the court in resorting to extrinsic evidence may be the intent of the parties and the interpretation that the defendant itself. has placed on the language in the conduct of its business in processing like claims. (Cf. generally 29 N. Y. Jur., Insurance, § 593 et seq.)
*30 With these considerations in mind, I find that the case is one within the permissible scope of the discovery statutes and that the information sought is material and necessary to the action.
The matter sought is similar to that permitted in Merchants Ind. Corp. of N. Y. v. Wallack (14 A D 2d 777). In that case, an insurer brought an action for judgment declaring null and void a policy of liability insurance issued by it to the defendant because of defendant’s alleged misrepresentations. The defendant sought discovery of plaintiff’s copies of “ all policies of automobile liability insurance issued by the plaintiff from April 5, 1955 to April 5, 1957 ”. A misrepresentation does not void a contract of insurance unless it is material. In determining the question of materiality, the practice of the insurer with respect to similar risks shall be admissible. (Insurance Law, § 149.) The court granted defendant’s right to examine the policies.
It appears that the information plaintiff seeks here may be relevant evidence in construing the policy language. (Green v. Travelers Ins. Co., 286 N. Y. 358, 363.) But whether or not the court should reach that same conclusion upon the evidence developed at trial, I find that our liberal pretrial practice permits disclosure in this case.
The scope of plaintiff’s demand is too broad. He is limited to discovery of similar claims paid in New York State for a period of three months before and three months after issuance of plaintiff’s policy. If this should prove unworkable or burdensome upon the defendant, the parties may reapply to the court for further relief.