Michael Catalano, J.
Plaintiff moves to examine mentally defendant, Jacob Nicoski (herein called “ Jacob ”); defendants cross-move for an order vacating the notice to submit to a mental examination served on April 18,1966.
The complaint alleges that Jacob owns certain real property in Erie County, New York, which he has offered for sale, acting under the undue influence of defendant, John Nicowski (herein called “John”); that Jacob is “not of sound mind and is incompetent to convey real property;” that a sale of this prop *168 erty will cause “ loss and disadvantage ” to Jacob, and to Ms son, the plaintiff; wherefore, plaintiff demands judgment enjoining both defendants.
No affidavit of additional facts has been submitted by the parties. Counsel stipulated in open court that John is plaintiff’s brother and Jacob’s son. “ After commencement of an action in which the mental or physical condition or the blood relationship of a party, or of an agent, employee or person in the custody or under the legal control of a party, is in controversy, any party may serve notice on another party to submit to a physical, mental or blood examination by a designated physician, or to produce for such examination his agent, employee or the person in his custody or under his legal control.” (CPLR 3121, subd. [a].)
This sentence was drafted by the Advisory Committee on Practice and Procedure (First Preliminary Report, 1957, § 34.21, p. 152), surviving all six reports until it was made final by the Senate Finance Committee in the Sixth Report to the Legislature (January 3,1962, § 3121, p. 321). It is based on the New Jersey rule 4:25-1, including recommended changes to rule 35 of the Federal Rules of Civil Procedure (First Preliminary Report, 1957, pp. 152-153). It was also taken from sections 306 and 306-a of the Civil Practice Act, which were modified to permit examination on notice, without requiring an order, and to permit an examination in any action in which mental or physical examination or blood relationship is in controversy. (See Study on New York Disclosure, First Preliminary Report of Advisory Committee on Practice and Procedure, 1957, pp. 479-483.) “ Within five days of service of a notice under section 3120 or 3121, a party may serve a notice of motion for a protective order, specifying his objections.” (CPLR 3122.)
CPLR 3211 (subd. [a]) provides that: “ A party may move for judgment dismissing one or more causes of action asserted against him on the ground that: * * * 7. the pleading fails to state a cause of action
CPLR 3211 (subd. [e]) provides that: “ (e) * * * A motion based upon a ground specified in paragraph two, seven or ten of subdivision (a) may be made at any subsequent time or in a later pleading, if one is permitted * * * Where a motion is made on the ground set forth in paragraph seven of subdivision (a), or on the ground that a defense is not stated, if the opposing party desires leave to plead again in the event the motion is granted, he shall so state in his opposing papers and may set forth evidence that could properly be considered on a motion for summary judgment in support of a new pleading ”.
*169 Although this application to examine Jacob is not one for a temporary injunction, it is interesting to note that: “On a motion for a preliminary injunction the plaintiff shall show, by affidavit and such other evidence as may be submitted, that there is a cause of action, and either that the defendant threatens or is about to do, or is doing or procuring or suffering to be done, an act in violation of the plaintiff’s rights respecting the subject of the action and tending to render the judgment ineffectual (CPLR 6312), subd. [a]; emphasis supplied.)
Here, if, indeed, John threatens to violate plaintiff’s rights, why has plaintiff not moved for a preliminary injunction? Of course, if plaintiff did so move, he would have to show by affidavit and other evidence that there is a cause of action.
Some motions 11 search the record,” for example: “ a bad answer is good enough for a bad complaint and * * * the attack of a plaintiff upon an answer permits a scrutiny of the complaint, and, if the complaint be bad, then plaintiff’s motion should be denied. [See cases cited.] ” (People ex rel. Gillett v. De Lamater, 247 App. Div. 246, 250-251.)
Defendants’ attorney’s affidavit states: “ That said request (to examine Jacob) is further improper because the complaint herein does not properly state a cause of action ” requesting, in part, “ such other, further and different relief as this Court may deem proper
This is not a motion to dismiss the complaint (see CPLR 3211). If it were, this court would be constrained to grant it upon the papers presently presented.
Equitable principles are the basis of granting a permanent injunction, the complaint for which shall allege: (1) the violation of a right occurring, or threatened and imminent; (2) that plaintiff has no adequate remedy at law; and (3) that serious and irreparable injury will result if the injunction is not granted. (10 Carmody-Wait, New York Practice, § 105, p. 675. See cases cited.)
Here, plaintiff alleges no right of his is violated or is threatened, for Jacob is “ owner ” of the real property; plaintiff does not allege that he has no adequate remedy at law, for not even the bare and legal conclusion is stated; plaintiff does not allege that serious and irreparable injury will result if the injunction is not granted, for all he alleges is possible “ loss and disadvantage.”
What plaintiff’s loss and damage could be are not disclosed. The only affidavit submitted by plaintiff is that of his attorney which merely states in three sentences on one sheet of paper, who the affiant is, what the action seeks, who is to be examined.
*170 This complaint is clearly insufficient. The court may not read into it that which is not there.
Does plaintiff imply the biblical story in which Jacob deceived his blind father Isaac into giving him the birthright and blessing that rightfully belonged to the firstborn, Esau? (Genesis, ch. 27). Does plaintiff imply that he and his brother John are Jacob’s sole distributees who would share equally in this real property if Jacob should not convey it and die intestate?
Whatever the answers to these questions might be, as a matter of law, plaintiff’s motion cannot be granted on these papers. Whether this motion “ searches the record ” to test the sufficiency of the complaint, or whether the verified complaint be considered as an affidavit of plaintiff, his motion lacks substance even though, “ A ‘ verified pleading ’ may be utilized as an affidavit whenever the latter is required.” (CPLR 105, subd. [q].)
Plaintiff might discontinue this action without prejudice, starting afresh upon a new, complete and adequate complaint, if sufficient facts exist (see CPLR 3217); defendant might move to dismiss for insufficiency (see CPLR 3211).
Plaintiff’s motion is denied; defendants’ motion is granted. No costs.