John H. Galloway, Jr., J.
The plaintiff moves herein for an order pursuant to subdivision (a) of CPLR 3101 to take the deposition upon oral questions of Hotel Representative, Inc., through its president Mary Homi, as a witness before trial. The plaintiff is suing for injuries received while a guest at a hotel owned and/or operated by the defendant in Rome, Italy on April 29, 1964. The action was instituted on December 5, 1966 by service of a copy of the summons and complaint at the New York office of Hotel Representative, Inc., whose examination the plaintiff now seeks in order to oppose a motion to dismiss the complaint pursuant to CPLR 3211 (subd. [a], par. 8) on the ground that the court does not have jurisdiction of the person of the defendant. This court is persuaded from the papers submitted on this motion that there are here presented adequate special circumstances to sustain allowance of the disclosure requested, and that allowance thereof is authorized by CPLR 3101 (subd. [a], par. [4]), as properly interpreted and applied to the circumstances here presented.
The action is one to recover damages for personal injuries sustained by plaintiff while a guest in the Grand Hotel in Rome, Italy, which is owned by the defendant.
Defendant’s pending motion to dismiss the complaint for lack of this court’s jurisdiction in personam is grounded on the claim that the defendant is not engaged in business in the State of New York, and that accordingly it is not amenable to suit in this jurisdiction under CPLR 302 (subd. [a], par. 1) or CPLR 301. Defendant relies on decisional authorities which have held that the procedure of taking a deposition before trial is not available for use to obtain testimony to oppose a motion (citing Debrey v. Hanna, 182 Misc. 824; Waful v. Pitman Mfg. Co., 19 Misc 2d 276; and Standard Foods Prods. Corp. v. Vinas Unidas S. A., 200 Misc. 590), It also urges that there is no authority under the CPLR authorizing an examination before trial as to matters relating to a pending motion to dismiss for lack of jurisdiction.
*655 Plaintiff contends that one Mary Homi, president of Hotel Representative, Inc., a New York corporation, through whom he seeks to examine Hotel Representative, Inc. as a witness before trial, is fully aware of the relationship between the latter corporation and the defendant Italian corporation, of the business done by the New York corporation on behalf of the defendant in the State of New York, and with defendant’s methods of doing business.
He urges that her testimony is material and necessary to enable him to meet the defense of lack of jurisdiction and his burden of proof that this court has jurisdiction of the defendant under CPLR 301 or 302.
In our opinion the disclosure sought is allowable under a reasonable interpretation and application of the express provisions of CPLR 3101 (subd. [a], par. [4]). That section, in defining the scope of disclosure, provides:
“ (a) Generally. There shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by: * * *
“ (4) any person where the court on motion determines that there are adequate special circumstances.”
Pursuant to CPLR 3211 (subd. [a], par. 8), the objection to the jurisdiction of the person of the defendant may be raised either by motion prior to service of the responsive pleading or in the responsive pleading (subd. [e]). In fact, subdivision (b) of CPLR 320 requires the jurisdictional objection to be asserted by motion or in the answer at the time of appearance (see Graziano, Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 7-B, CPLR 3211, p. 323).
Furthermore, under subdivision (c) of CPLR 3211, upon the hearing of a motion under paragraph 8 of subdivision (a) either party may submit any evidence properly considered on a motion for summary judgment, the court may treat the motion as such, and order an immediate trial of the issues raised on such motion.
The issue of lack of jurisdiction in personam is substantially identical, whether heard and determined on an intermediate motion before trial pursuant to CPLR 3211 (subd. [a], par. 8) or upon an immediate trial on a motion pursuant to CPLR 3211 (subd. [c]), or upon the trial of the action where the jurisdictional objection is raised in the responsive pleading. In each instance there is involved the disclosure of evidence material and necessary in the prosecution of the action, for, unless the issue of jurisdiction in personam is resolved in favor of the plaintiff asserting such jurisdiction, he cannot prosecute the action and it must fall.
*656 We see no rational basis for denying disclosure of evidence to support an assertion of jurisdiction merely because it is sought at the threshold of an action in defense of a motion to dismiss for lack of such jurisdiction, when the same disclosure would most certainly be granted were the determination of the same jurisdictional issue to be deferred to the opening of trial where raised in the responsive pleading rather than by a preliminary motion.
We agree with the broader concept of the allowable scope of' disclosure under CPLR 3101 (subd. [a]) expressed by the Supreme Court, Onondaga County, in West v. Ætna Cas. & Sur. Co., 49 Misc 2d 28, 29, as follows: “ The word ‘ evidence ’ as used in the statute (CPLR 3101, subd. [a]) has not been held equivalent to that evidence which might be admissible upon the trial of the action. Disclosure extends to all relevant information calculated to lead to relevant evidence. * * * The statute is construed to mean ‘ evidence required in preparation for trial ’.”
Plaintiff here seeks to determine, through the disclosure requested, if there is in fact jurisdiction in personam of the defendant. Such disclosure may well be determinative of the action favorably to the defendant. If the result is otherwise and in favor of the plaintiff, he has been aided in his prosecution of the action and in his preparation for the trial thereof. The disclosure sought may reasonably be expected to aid in the conduct and disposition of the litigation at bar.
To paraphrase the Court of Appeals’ pertinent admonition, in recognizing the demonstrated value of pretrial examination and the current trend to greater liberalization of the provisions for such examination, the “ Courts should not strain to limit the availability of such an important remedy, by narrowly circumscribing the reach of words so inclusive as — ‘ all evidence material and necessary to the prosecution * * * of an action ’ ” (see City of Buffalo v. Hanna Furnace Corp., 305 N. Y. 369, 377).
In view of the foregoing, we are of the opinion (1) that the papers submitted on this motion disclose special circumstances to warrant the disclosure sought, within the intendment of CPLR 3101 (subd. [a], par. [4], (see Chemical Bank N. Y. Trust Co. v. Nicoletti, 31 Misc 2d 726; and Wornicke v. Scheuer, 11 Misc 2d 188); and (2) that the evidence sought on such disclosure should be considered material and necessary in the prosecution of the instant action (see West v. Ætna Cas. & Sur. Co., 49 Misc 2d 28, supra).
*657 We have carefully considered the three authorities relied on by defendant in resisting this motion (above mentioned). While in each of the cases disclosure by deposition of a witness was sought to sustain plaintiff’s claim of jurisdiction in personam, in defense of motions to dismiss for lack of such jurisdiction, we note that the decisions were rendered well prior to the effective date of the CPLR, article 31, on disclosure, and of CPLR 3101 on the scope of disclosure. We believe that line of decisions is contrary to the current trend of liberalization in affording the remedy of pretrial examination, and that to follow their restrictive concept would not serve either the public interest or judicial concern in the expeditious disposition of litigation. At the same time we also believe that in granting the disclosure here sought we do not exceed that “fair boundary to this process which ought to be respected” (cf. Zakarias v. Radio Patents Corp., 20 A D 2d 795, 796).
Accordingly the motion is granted.