Louis B. Heller, J.
In these actions for false arrest, false imprisonment, libel and slander, in which plaintiff alleges he suffered permanent mental and physical injuries, the defendant Norman moves pursuant to CPLR 3042 to preclude plaintiff for failure to serve a bill of particulars, the defendants Norman and the Chase Manhattan Bank move pursuant to CPLR 3101 and subdivision 6 of section 124 of the Mental Hygiene Law for inspection of the records pertaining to the treatment of the plaintiff at the psychiatric division of the Kings County Hospital; the plaintiff moves to vacate the notice of the defendants Norman and the Chase Manhattan Bank requesting his submission to a physical and mental examination and vacating the notice to produce the medical statement of the plaintiff *1008 and authorizations to review the medical records of the plaintiff on the ground that this is an action founded in malpractice as against the doctor, and false arrest as against the Chase Manhattan Bank, and in such actions there is no exchange of medical information.
Briefly, the facts reveal that the plaintiff was employed by the defendant, the Chase Manhattan Bank, as an IBM operator. During the course of his employment, the plaintiff claimed he had smelled a noxious substance in the area and complained about it. Thereafter, the Chase Manhattan Bank caused the plaintiff to be examined by a psychiatrist. He was then certified as dangerous by said psychiatrist and the defendant, Dr. Norman, the medical director of the Chase Manhattan Bank. The aforesaid doctors and the Chase Manhattan Bank, according to the plaintiff, then caused his arrest by members of the Police Department of the City of New York. As a result thereof, plaintiff was kept in the Kings County mental ward from April 21, 1964 to May 26, 1964. It is asserted by the plaintiff that his arrest and detention at the hospital was illegal and improper and that the defendants acted in concert and conspired to bring about his confinement and incarceration at the Kings County Hospital and certify him to a State hospital because of his threatened legal action.
The plaintiff, in opposing the relief requested by the defendants, contends that this is a malpractice action and that part 4 of the Buies of the Appellate Division, Second Department, which refers to physical examinations and exchange of medical information, excepts actions for medical or dental malpractice; that defendants waived their rights to same because they did not move within 60 days from the filing of the note of issue, and in addition thereto, that the medical and hospital records are privileged.
The court has carefully considered the plaintiff’s objections and concludes they lack merit. Whether or not this is a malpractice action is of no consequence as it would have no bearing on the ultimate disposition of this matter. CPLB 3121 applies to an action in which the mental and physical condition is in controversy, and malpractice actions are neither excluded nor excepted. The CPLB governs procedure in civil judicial proceedings in all courts of the State and before all Judges and takes precedence over Special Buies of the Supreme Court which are confined and effective only within the borders of the legal judicial department. CPLB 3121 provides for a complete disclosure on service of notice of all hospital and medical records and also provides for submission to a physical or mental *1009 examination by a designated physician. This is in accord with and in furtherance of the policy to reveal rather than conceal the facts (Fiore v. Bay Ridge Sanitarium, 48 Misc 2d 318; Kromanik v. Twiss, 44 Misc 2d 627; Mackey v. Holy Family Hosp., 52 Misc 2d 770). Moreover, the protection afforded the doctor-patient relationship by CPLR 4505 does not limit the right of a party to examine hospital records which contain doctor reports. If a party begins or defends an action where his physical condition is in controversy, he exposes himself to the disclosure provisions of CPLR 3121 (Fisher v. Fossett, 45 Misc 2d 757).
CPLR 3101 provides that there shall be full disclosure of all evidence material and necessary in the prosecution and defense of an action subject to certain exceptions not here pertinent. Disclosure extends to all relevant information calculated to lead to relevant evidence. If the information is sought in good faith for possible use as evidence in chief or in rebuttal or for cross-examination, it should be considered material and necessary in the prosecution or defense of an action (West v. Ætna Gas. & Sur. Co., 49 Misc 2d 28). Therefore, since defendants are seeking information with regard to plaintiff’s mental condition, they are entitled to the relief sought under the circumstances herein.
With respect to the defendant Norman’s motion to preclude plaintiff for failure to serve a bill of particulars, it appears that the plaintiff served a bill of particulars upon the defendant, the Chase Manhattan Bank, on August 11, 1966, pursuant to a demand by the Chase Manhattan Bank on June 15, 1966 by Terhune, Gibbons & Mulvehill, Esqs., the former attorneys for the defendants, the Chase Manhattan Bank and Norman. Thereafter, the substituted attorneys for the aforesaid defendants, Townley, Updike, Carter & Rodgers, Esqs., served a demand for a bill of particulars upon plaintiff on behalf of the defendant Norman on May 3, 1967. Instead of complying, the plaintiff’s attorney served the defendants’ attorneys with an identical copy of the bill previously served about a year before pursuant to the demand of the defendant, the Chase Manhattan Bank, when it was represented by the other attorneys. Under the circumstances, there was not such á compliance as to satisfy the CPLR.
The papers submitted herein disclose that the plaintiff merely filed a note of issue without a statement of readiness. Therefore, in the absence of a statement of readiness, the defendant was not required to move within 20 days after the filing of the note of issue to strike the action from the calendar (See Rules of App. *1010 Div., 2d Dept., part 7, rule III; cf. Cerrone v. S’Doia, 11 A D 2d 350; Price v. Brody, 7 A D 2d 204; Stone v. Metropolitan Life Ins. Co., 13 A D 2d 685). Thus the plaintiff under CPLE 3042 (subd. [a]), upon receipt of the demand for a bill of particulars, if unwilling to give such particulars, is required to move to vacate or modify such notice within five days after receipt thereof, clearly specifying the objections and grounds therefor. In addition thereto, if no such motion is made by the plaintiff, the bill of particulars is to be served within 10 days after the demand. In the instant case, the plaintiff’s time within which to move for modification of the demand for the bill of particulars had expired, and he did not contest the items until the defendant moved for the preclusion order. Under such circumstances, the items will not be scrutinized and will be allowed unless palpably improper (Tomasino v. Prudential Westchester Corp., 1 A D 2d 781). It is now too late for plaintiff to complain about the extensiveness of the demand for the bill of particulars. He must comply with it in toto or take appropriate steps to be relieved of his default (Rosen v. Gotham Equip. Corp., 16 Misc 2d 891).
Accordingly, the plaintiff’s motion is denied. The motion of the defendants, the Chase Manhattan Bank and Norman, for inspection of the records at the psychiatric division of the Kings County Hospital is granted. The defendant Norman’s motion to preclude is granted unless a bill of particulars is furnished within 30 days after service of a copy of this order to be entered hereon, with notice of entry thereof.