OPINION OF THE COURT
Lester Sacks, J.
The plaintiff brings this action to recover for injuries suffered as a result of contracting genital herpes after a sexual relationship with the defendant. The relationship existed for several months before she became aware of the infection.
An examination before trial was held of the defendant at *766 which he refused to answer any questions pertaining to his physical condition on the grounds of "privilege”. The plaintiff has now moved to strike the answer of the defendant for failure to comply with the orders for discovery issued by the court.
CPLR 3121 states as follows: "(a) Notice of examination. After commencement of an action in which the mental or physical condition or the blood relationship of a party, or of an agent, employee or person in the custody or under the legal control of a party, is in controversy, any party may serve notice on another party to submit to a physical, mental or blood examination by a designated physician, or to produce for such examination his agent, employee or the person in his custody or under his legal control. The notice may require duly executed and acknowledged written authorizations permitting all parties to obtain, and make copies of, the records of specified hospitals relating to such mental or physical condition or blood relationship; where a party obtains a copy of a hospital record as a result of the authorization of another party, he shall deliver a duplicate of the copy to such party. A copy of the notice shall be served on the person to be examined. It shall specify the time * * * conditions and scope of the examination.”
It is the defendant’s contention that since he only denied the allegations of the plaintiff, he has not placed his condition in controversy pursuant to CPLR 3121 and so has not waived the physician-patient privilege and cannot be compelled to testify as to his physical condition. This, he says, is protected by the physician-patient privilege (hereinafter privilege) pursuant to CPLR 4504.
The very essence of this action is the physical condition of the plaintiff. His denial of the plaintiff’s complaint has put his physical condition in issue. He should not now be heard to invoke the privilege.
A party should not be permitted to assert a mental or physical condition in seeking damages or in seeking to absolve himself from liability and at the same time assert the privilege in order to prevent the other party from ascertaining the truth of the claim. If a defendant asserts his mental or physical condition as a defense to the plaintiff’s claim, he places his condition into controversy within the meaning of CPLR 3121. (Koump v Smith, 25 NY2d 287, 294.)
The defendant has denied that he has the condition of *767 which the plaintiff complains. If he was permitted to assert the claim of privilege, he would completely frustrate the plaintiff from ever proving her claim.
The right to hospital records contained in CPLR 3121 (a) is not limited to actions in which the plaintiff seeks recovery for physical injury. All that section requires is that the mental or physical condition of a party be in controversy. (Fisher v Fossett, 45 Misc 2d 757, 758.) Nor is such a waiver of privilege pursuant to said action restricted to personal injury actions. Privilege is waived in all actions where the mental or physical condition of a party is in controversy. (Nicowski v Nicoski, 50 Misc 2d 167; Jansons v Jansons, 45 Misc 2d 795; Estabrook & Co. v Masiello, 75 Misc 2d 784.)
CPLR 3101 provides that there be full disclosure of all evidence material and necessary in the prosecution and defense of an action. Disclosure extends to all relevant information calculated to lead to relevant evidence. If this information is sought in good faith for possible use as evidence-in-chief or in rebuttal or cross-examination, it should be considered material and necessary in the prosecution or defense of an action. (West v Aetna Cas. & Sur. Co., 49 Misc 2d 28.)
The plaintiff, in order to prove her case, is seeking information with regard to the defendant’s physical condition and should be entitled thereto. (De Castro v City of New York, 54 Misc 2d 1007.)
If a party begins or defends an action where his physical condition is in controversy, he exposes himself to the disclosure provisions of CPLR 3121. (O’Leary v Sealey, 50 Misc 2d 658.)
Although the greater number of cases deal with examinations of plaintiffs, it is eminently clear that the examinations permitted pursuant to CPLR 3121 apply equally to defendants. (3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3121.01; Koump v Smith, supra.)
The defendant, by denying the issues raised by the plaintiff in her complaint, has put his physical condition into controversy within the provisions of CPLR 3121 and any right or privilege must give way in the interest of justice.
The defendant is directed to appear at the Supreme Court, Sutphin Boulevard, or such other place mutually agreed upon between the parties on November 24, 1986, at 10:00 a.m., for a further examination before trial and to be examined by the attorney for the plaintiff as to his physical condition. He shall *768 further execute and deliver to the attorney for the plaintiif, on or before November 10, 1986, authorization for hospital records and medical reports of his physical condition prior to July 1985.
In the event the defendant shall fail to comply with this order, his answer shall be stricken and the plaintiif may move for inquest as to her damages.