■ JUDYANN SCHENK, Respondent-Appellant, v DAVID F. DEVALL, Appellant-Respondent. [613 NYS2d 478] —Mikoll, J. Cross appeals from an order of the Supreme Court (Plumadore, J.), entered June 21, 1993 in Saratoga County, which, inter alia, denied defendant's motion for a protective order.

Plaintiff commenced this action against defendant in February 1990 setting forth causes of action sounding in negligence and constructive fraud based on defendant's alleged knowing infection of plaintiff with the herpes virus. Defendant interposed a general denial to the complaint. Plaintiff then served defendant with interrogatories and a request for production of documents, including defendant's medical records. Defendant moved for dismissal of the complaint or, in the alternative, for an order vacating plaintiff's request for production of medical documents on the ground that they were protected by the

physician-patient privilege. Defendant also sought a protective order vacating plaintiff's interrogatories on the grounds of overbreadth and irrelevancy. Plaintiff cross-moved to compel defendant's compliance.

Supreme Court denied defendant's motion to dismiss the complaint but granted his motion to strike plaintiff's interrogatories, without prejudice, on the grounds of overbreadth and/ or irrelevancy, except as to interrogatories related to medical records to the extent that they pertain to defendant's herpes infection. Defendant appeals from so much of the order as directed him to produce his medical records which pertain to his herpes infection and plaintiff cross-appeals from Supreme Court's preclusion of her interrogatories relating to defendant's legal and professional background.

It is urged by defendant that the decision in *Dillenbeck v Hess* (73 NY2d 278, 288) requires that defendant's medical records be immune from discovery in toto because defendant has not placed his physical condition "in controversy" and thus has not waived the confidentiality of the physician-patient relationship *(see,* CPLR 4504). The Court of Appeals in *Koump v Smith* (25 NY2d 287, 294) had earlier instructed that a litigant will be deemed to have waived the physician-patient privilege, in the context of defending a personal injury action, when that person has affirmatively placed his or her mental or physical condition in issue. Reasserting that position in *Dillenbeck,* the Court of Appeals reiterated: "In order to effect a waiver, the party must do more than simply deny the allegations in the complaint—he or she must affirmatively assert the condition 'either by way of counterclaim or to excuse the conduct complained of by the plaintiff' " *(Dillenbeck v Hess, supra,* at 288). The Court of Appeals, in affirming the State's public policy of preserving the physician-patient privilege, repudiated the contention that the privilege can be forfeited upon a plaintiff's submission of evidentiary facts supporting the allegations of the complaint that the defendant's condition is in controversy. The privilege can only be waived by the patient or an authorized representative.

The burden of showing that a party's condition is "in controversy" reposes upon the party seeking such revelation *(Bloodgood v Lynch,* 293 NY 308, 314). Plaintiff has failed in this case to show that defendant placed the issue of his physical condition in controversy by his interposition of a general denial to the complaint. Supreme Court's reliance on *Maharam v Maharam* (123 AD2d 165) and *Shalhoub v Viver-*

*ito* (133 Misc 2d 765) is at variance with the holding in *Dillenbeck* and is of no precedential value.

We also find no reason to depart from the *Dillenbeck* holding on public policy grounds. In the instant matter, plaintiff urges that the privilege must give way to the necessity of protecting the public from sexually transmissible diseases. Serious public policy issues were also implicated in *Dillenbeck (supra)*, i.e., the necessity to deter drunk driving, and yet the public policy argument was considered and rejected even in light of the plaintiff's expressed need for the information sought.

Finally, we agree with Supreme Court's ruling that plaintiff has failed to substantiate a legally cognizable reason for discovering information regarding defendant's status as an attorney and his professional background in terms of relevancy to her causes of action.

Cardona, P. J., Mercure, Casey and Weiss, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as partially granted the cross motion and directed defendant to disclose medical records pertaining to herpes; cross motion denied to that extent; and, as so modified, affirmed.