■ ANDREW E. CASIMIRO, Individually and as Administrator of the Estate of ROSEMARIE CASIMIRO, Deceased, Respondent, v CHRIS S. THAYER, Appellant, and CHARLES J. LAKE et al., Respondents, et al., Defendants. [629 NYS2d 897] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in granting plaintiff's motion to compel disclosure of hospital records concerning treatment received by Chris S. Thayer (defendant) following the motor vehicle accident that is the subject of this litigation and in denying defendant's cross motion for a protective order. Because defendant invoked the physician-patient privilege and did not make affirmative claims that waived it, those records are not subject to disclosure *(see, Dillenbeck v Hess,* 73 NY2d 278, 286-288; *Schenk v Devall,* 205 AD2d 900; *Schnobrich v Schnobrich,* 198 AD2d 850). The testimony of defendant at his examination before trial that he could not recall the accident and that his doctor told him that he had retrograde amnesia did not place his medical condition in controversy; that condition was not asserted as an excuse for his conduct *(see, Dillenbeck v Hess, supra,* at 286-288). (Appeal from Order of Supreme Court, Onondaga County, Hayes, J.—Discovery.) Present—Denman, P. J., Pine, Callahan, Doerr and Balio, JJ.