■ JANE DOE, Respondent, v JOHN DOE, Appellant. [791 NYS2d 761]—

Appeal from an order of the Supreme Court, Erie County (Christopher J. Burns, J.), entered August 25, 2004 in a personal injury action. The order, insofar as appealed from, denied defendant's motion for a protective order and granted plaintiff's motion to compel discovery in part.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, defendant's motion is granted in part and plaintiff's motion is denied in its entirety in accordance with the following memorandum: Plaintiff commenced this action asserting causes of action for negligence, battery and intentional

and reckless infliction of emotional distress. According to plaintiff's amended verified complaint and bill of particulars, defendant caused plaintiff to become infected with the herpes simplex virus by engaging in sexual intercourse with her when he knew that he was infected with that virus. In his verified answer, defendant admitted that he had engaged in sexual relations with plaintiff, but he denied that plaintiff was "infected with a venereal disease by him." Defendant moved for, inter alia, a protective order prohibiting plaintiff from seeking "information about the [d]efendant's medical condition or status through the receipt of information which is clearly protected by the physician-patient privilege" and seeking to "preclude any inquiries at a deposition of the [d]efendant regarding his medical condition." Plaintiff moved for an order compelling defendant to disclose all of his "medical records relating to his having or being free from sexually transmissible diseases" and to submit to a medical examination and blood withdrawal for testing.

Supreme Court erred in denying that part of the motion of defendant seeking a protective order with respect to information concerning his medical condition and seeking to preclude "any questioning regarding his medical history during depositions." In addition, the court erred in granting that part of plaintiff's motion to compel defendant "to provide medical records to plaintiff relative to the limited scope concerning the presence or absence of any venereal diseases" and to permit plaintiff's attorney to "inquire into this limited area of defendant's medical history at any depositions." Notwithstanding the fact that defendant's medical condition with respect to the herpes simplex virus is "in controversy" (CPLR 3121 [a]), defendant is entitled to invoke the physician-patient privilege to prevent discovery concerning that medical condition (*see Dillenbeck v Hess*, 73 NY2d 278, 287-288 [1989]; *Schenk v Devall*, 205 AD2d 900, 901-902 [1994]). Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Martoche and Lawton, JJ.