Appeal from an order of the Supreme Court, Onondaga County (Brian F. DeJoseph, J.), entered January 22, 2008 in an action for, inter alia, wrongful death. The order, insofar as appealed from, granted in part plaintiffs motion to compel defendant to provide authorizations allowing plaintiff to obtain certain medical records.
It is hereby ordered that the order so appealed from is unanimously modified on the law by denying those parts of the motion seeking to compel defendant to provide authorizations allowing plaintiff to obtain the reports of defendant’s cataract surgery (or surgeries) and the results of any visual acuity testing of defendant and vacating that part directing defendant to provide those authorizations and as modified the order is affirmed without costs.
Memorandum: Plaintiff, as administratrix of her husband’s estate, commenced this action seeking damages for injuries sustained by her husband as well as his death, which resulted from the collision of the motorcycle driven by him with a motor vehicle driven by defendant, who was then 86 years old. Supreme Court properly granted that part of plaintiffs motion seeking to compel defendant to provide an authorization enabling plaintiff to obtain the dates on which defendant underwent “cataract surgery (or surgeries),” inasmuch as that information is not subject to any privilege (see Laura Inger M. v Hillside Children’s Ctr., 17 AD3d 293, 295 [2005]; see also Mar- *1162 able v Hughes, 38 AD3d 1344 [2007]). The court erred, however, in granting those parts of plaintiffs motion seeking to compel defendant to provide authorizations allowing plaintiff to obtain the reports of the “surgery (or surgeries)” and the results of any visual acuity testing performed on defendant. By merely denying plaintiffs allegations that she was negligent, defendant did not waive the physician-patient privilege or affirmatively place her medical condition in controversy (see Dillenbeck v Hess, 73 NY2d 278, 280-281 [1989]; Casimiro v Thayer, 217 AD2d 951 [1995], lv dismissed 87 NY2d 861 [1995]). We therefore modify the order accordingly. Present — Hurlbutt, J.E, Centra, Peradotto, Green and Gorski, JJ.