Morris E. Spector, J.
This is an action to annul a marriage on the ground that the defendant husband has been incurably insane for five years (Domestic Relations Law, § 141). Heretofore, this court denied a motion for the appointment of a *914 guardian ad litem and for tile examination of the defendant by three physicians pursuant to subdivision 3 of said statute. This determination was based on the failure of plaintiff to show that defendant was in fact incompetent. Parenthetically, defendant has- denied the* allegations of the complaint and has vehemently asserted he is sane.
On the instant motion the defendant is moving to set aside a notice of disclosure- served pursuant to 3121 Civil Practice Law and Rules. This section provides for an examination of a party by any other party when the mental condition is in controversy. It also provides for the production of hospital records.
This is substantially the same as rule 35 of the Federal Rules of Civil Procedure, except that the examination under that rule must be had by order of the court.
Prior to the enactment of said rule, the United States Supreme Court had refused to order such physical examination unless the State law expressly provided for it. The majority considered it as an invasion of the sanctity of the person, involved in the examination. The minority considered the interest of truth and justice outweighed such invasion, (Union Pacific Ry. Co. v. Botsford, 141 U. S. 250). However, after the adoption of rule 35 that court held the rule to be constitutional and did not violate any substantive right (Sibbach v. Wilson & Co., 312 U. S. 1): While there were decisions which limited such physical examination to actions for personal injuries, the broader view, that the rule refers: to any action, has not been questioned since the determination of Beach v. Beach (114 F. 2d 479)'.
Before the enactment of section 3121, physical and mental examinations had been allowed, in actions such as presented here (Fischhof v. Fischhof, 135 N. Y. S. 2d 599). The plain reading of the section allows such examination and should not be more restrictive than- the prior practice. Accordingly, the mental examination and the production of the hospital' records should be allowed.
However, subdivision (a) of 3103 Civil. Practice Law and Rules provides that the court on its own initiative may make a protective order limiting, conditioning or regulating a disclosure device to prevent disadvantage or prejudice to any party.
Therefore the motion is granted, but only to the extent that the name of. the designated doctor is stricken from the notice. The court will designate the physician who will examine the defendant and his hospital records, and report his findings *915 to the court and the parties. Costs of such examination to be borne by the plaintiff. On settlement of the order to be entered herein, the court will insert the name of the examining physician, and the time and place of the examination.