Gilbert H. King, J.
Plaintiffs move for an order compelling defendants to comply with the notice of the plaintiffs requiring defendants to furnish ‘ ‘ duly executed and acknowledged written authorizations permitting all parties to obtain and make copies of the records of Kenmore Mercy and any other hospital relating to the mental or physical condition of the defendant Patricia Ann Fossett ”. (CPLR 3121, subd. [a].)
Defendants cross-moved for a protective order pursuant to CPLR 3122 vacating the plaintiffs’ notice upon the grounds that “ the material is privileged and would cause unreasonable annoyance, harassment, disadvantage and prejudice to the defendants and that said reports are unnecessary and immaterial and not relevant to the issue ’ ’.
The action is for property damage based on a claim of the negligent operation of an automobile owned by the defendant George Fossett and operated by the defendant Patricia Ann Fossett. The car driven by Mrs. Fossett struck the front of the plaintiffs ’ home causing the damage sued for in this action.
It is the contention of defendants that since there are no allegations in the complaint with reference to the mental or physical *758 condition of the defendants that plaintiffs are not entitled to examine the hospital records.
The MV-104 signed and filed by the defendant Patricia Ann Fossett contained the statement that“ Driver blacked out struck house. It was learned that Driver of #1 car (defendant’s car) had a coronary attack which caused the blackout.” On the examination before trial the defendant Patricia Ann Fossett indicated by her answers that her claim was, that as she approached the intersection near plaintiffs’ home she remembered nothing after putting her foot on the brake until she was in the Kenmore Mercy Hospital where she was taken after the accident.
The right to hospital records contained in CPLR 3121 (subd. [a]) is not limited to actions in which the plaintiffs seek recovery for physical injuries. All that the section requires is that the mental or physical condition of a party be in controversy. The facts in this case indicate that the principal, if indeed not the only controversy, will be the physical condition of the defendant Patricia Ann Fossett and whether or not her physical condition did or did not excuse what otherwise would prima facie appear to be an indefensible act of negligence.
Defendants’ argument that since the issue of the defendant’s physical condition is not raised by the pleadings, plaintiffs are not entitled to the hospital information, is without merit. There is no requirement in CPLR 3121 (suibd. [a]) that the physical or mental condition of a party be at issue but only that it be in controversy. It is certainly not incumbent on the plaintiff in a negligence action to allege that the defendant was in good health at the time of the accident.
The protection afforded doctor-patient relationship by CPLR 4504 does not limit the right of a party to examine hospital records which contain doctor reports. If a party begins or defends an action where his physical condition is in controversy he exposes himself to the disclosure provisions of CPLR 3121. I so held as to a plaintiff in Chester v. Zima (41 Misc 2d 676) and it is my opinion that the rule applies with equal force to a defendant. It may be, as I indicated in Chester (supra) that in some circumstances parts of a hospital record should not be made available to a party but I also held that a general objection to the notice for authorization would not support an application for a protective order.
In view of the statements by the defendant Patricia Ann Fossett on the examination before trial that she had only one other hospitalization, and that about 19 years ago, plaintiffs *759 are not entitled to examine any hospital record except that of the Kenmore Mercy Hospital in which defendant was confined immediately following the accident. No costs are awarded either party.