George M. Fanelli, J.
In this personal injury negligence action defendant moves for a protective order to the extent of vacating plaintiffs’ notice that defendant submit to a physical examination pursuant to CPLR 3121. This motion is granted in the exercise of discretion even though the present application was made more than five days after the service of the notice, since this motion may be one of first impression in this court.
No pleadings have been presented to the court nor has a sufficient factual showing been made in the papers to indicate that defendant’s physical condition is in controversy in this case. The fact that defendant testified on an examination before trial that while making a left turn he did not see the infant plaintiff on a bicycle, prior to or at the time his automobile came in contact with him, does not spell out an affirmative showing that defendant lacked peripheral vision or that his vision was otherwise defective, nor does it indicate that his physical condition is really and genuinely in controversy (cf. Schlagenhauf v. Holder, 379 U. S. 104).
While CPLR 3101 calls for full disclosure of all evidence material and necessary in the prosecution of an action and 3121 authorizes a physical examination of a party to an action in which his physical condition is “in controversy ”, nevertheless, *284 this court is not inclined to permit sweeping physical examinations of defendants who have not affirmatively put into issue their own physical condition, merely because they have been involved in an accident, and a general charge of negligence is lodged. Such physical examinations are to be ordered, if at all, in rare instances and only upon a clear and unequivocal showing that such physical condition of a defendant is in controversy. To hold otherwise would mean that such examinations could be ordered routinely in automobile accident cases and would cause a considerable delay in the trial of such cases, as well as open the door to possible grave miscarriages of justice (see Schlagenhauf v. Holder, supra). The papers now before this court are palpably insufficient to warrant any such relief.