I. Stanley Rosenthal, J.
This is a motion made hy the plaintiff for a physical examination of the defendant. The action is in negligence and it is claimed that the defendant’s car struck the plaintiff’s car in the rear on the Northern State Parkway on the 23d day of September, 1962.
The motion is based on CPLR 3121 (subd. [a]) upon the basis that in the examination before trial of the defendant she admitted that on the day of the accident she remembered entering Northern State Parkway and that the next thing she remembered was waking up in Huntington Hospital.
There is an allegation in the complaint that the defendant had been, prior to this occurrence, subject to epileptic fits and the inference is made in the motion papers that she was in an epileptic seizure at the time this accident occurred, without the statement of any facts to substantiate this allegation or inference.
A physical examination at this time would certainly not disclose the fact as to whether or not such a condition existed at the time of the accident and therefore would develop into a fishing expedition as to the defendant’s past history in that regard. Any such information elicited at such a physical examination would be inadmissible at a trial unless it could be proven that such a condition existed at the time of the accident.
The plaintiff might be entitled under this section to a disclosure of the hospital records of the said defendant upon proper papers and upon proper demand. However, any such disclosure would of necessity be limited to the physical condition and the injuries sustained by the said defendant in the occurrence of this accident. (Fisher v. Fossett, 45 Misc 2d 757.) In that case it is stated (p. 758): “ The right to hospital records contained in CPLR 3121 (subd. [a]) is not limited to actions in which the plaintiffs seek recovery for physical injuries. All that the section requires is that the mental or physical condition of a party be in controversy.” It states further: “If a party begins or defends an action where his physical condition is in *660 ■controversy he exposes himself to the disclosure provisions of CPLR 3121.”
This motion is not for the relief which was sought in the Fisher case. The motion for a physical examination of the defendant is denied.