Emmett J. Schnepp, J.
The within habeas corpus proceeding, instituted for the custody of three children of the parties, was transferred to this court by the Supreme Court for determination pursuant to article VI of the Family Court Act. The decision herein involves a motion by the petitioner for an order, pursuant to CPLR 408, requiring the respondent to furnish authorizations, permitting petitioner to make copies of all Strong Memorial Hospital records from January, 1963 to date, including out-patiént care and all doctors’ reports incidental thereto, respecting the care, treatment and diagnosis of the respondent.
It is submitted that the petitioner is entitled to this disclosure under CPLR 3121 (subd. [a]) because the mental condition of the respondent is in controversy. The issue raised by the pleadings relates to the alleged attempted suicide by respondent four years ago by an overdose of a drug, her hospitalization and psychiatric care thereafter to date and her use, in excess, of medication or drugs, the exact nature of which petitioner claims is unknown to him.
This application is opposed upon the ground that the information sought is privileged under CPLR 4504, that the privilege has not been waived and that her mental capacity does not become a matter in controversy by reason of the general denials *80 set forth, in the answer. Procedure in Family Court is regulated to the extent appropriate by the CPLR, and this includes enforcement of the disclosure provisions. (Matter of Schwartz v. Schwartz, 23 A D 2d 204.)
Undoubtedly, parts of the hospital records here are the result of confidential communications and contain statements and conclusions of doctors and nurses as to the condition of the respondent and the treatment and diagnosis thereof. Generally this would constitute a privileged communication, not subject to disclosure, unless waived. (Matter of Coddington, 307 N. Y. 181, 195.) Where the physical or mental condition of a party is in controversy, however, the disclosure provisions of CPLR 3121 apply, and the physician-patient privilege gives way as the circumstances may require in the interest of justice. (Fisher v. Fossett, 45 Misc 2d 757; Jansons v. Jansons¡ 45 Misc 2d 795; Chester v. Zima, 41 Misc 2d 676; Brennan v. Brennan, 42 Misc 2d 913.)
A determination involving the custody of minor children must be based solely on the welfare of the minors, which is paramount to any other consideration. It has been held that this responsibility endows the court with the power to determine custody irrespective of residence, domicile and prior custody orders and transcends the rule of comity. As the court pointed out in Matter of Bachman v. Mejias (1 N Y 2d 575, 581), “ This rule of policy must yield when it conflicts with the dominant domestic duty of the court to guard the welfare of its wards. The individual rights of infants to invoke the protection of the State in which they reside cannot be ignored. ’ ’
The mental" and.emotional state of a party to a custody suit may be most material, and in such cases the court may depart from strict adversary concepts to make a true evaluation in the interests of truth and justice. (Johnson v. Johnson, 25 A D 2d 672; People ex rel. Fields v. Kaufmann, 9 AD 2d 375.) Thus, where the issue is raised and the matter is in controversy, the rule of privilege protecting the relationship of patient and physician must also yield if necessary. (People ex rel. Chitty v. Fitzgerald, 40 Misc 2d 966.) Here, medical testimony relating to respondent’s mental condition is not only material, but the court itself would not be prevented in the proper exercise of a judicial discretion from ordering a psychological and psychiatric inquiry to be dealt with on common-law rules of evidence. (Kesseler v. Kesseler, 10 N Y 2d 445.)
However, privileges which are designed to afford protection to a relationship and to facilitate confidentiality are not to be lightly cast aside. It is the present mental condition of the *81 respondent that the court is here concerned with. Her mental condition in 1963 and later and hospital records relating to the same are material only insofar as they reflect her present mental state. These records will not disclose the present mental condition of the respondent, and would be inadmissible at a trial, unless related to her present mental condition. (O’Leary v. Sealey, 50 Misc 2d 658.) The materiality of these records must be based upon a showing reflecting a relationship between her past and present mental condition, and the necessity of the drawing by a qualified physician upon the information contained in such records in arriving at a diagnosis of her present condition and in making a prognosis. (Constantine v. Diello, 24 A D 2d 821.)
A different question would be presented if the instant application were coupled with a motion to direct respondent to submit to a mental examination by a designated physician and with some proof that the hospital records in question were material thereto. By granting the within application, there is no assurance that a qualified physician would interpret the records or testify respecting respondent’s mental condition. Here, if the petitioner were able to proceed by notice only, the court on its own initiative would be justified in making a protective order under CPLR 3103 (subd. [a]) limiting or regulating the use of the disclosure device to prevent embarrassment, disadvantage or other prejudice to the respondent. Accordingly, for the reasons stated the within motion is denied.