John H. Doerr, J.
The plaintiff has moved under CPLR 3101 for an order requiring the defendant Town of Amherst to produce the personnel records of its employee, one Bernard Frey, including the results of any physical examinations given to the said employee on or before the date of the accident complained of. Also requested is a record that the said defendant has of any complaints made against said employee in the performance of his duties as a crossing guard and a record of any and all training which the said employee received in preparation for the job as a crossing guard.
The plaintiff also served upon the defendant, Town of Amherst, a notice for a physical examination, more specifically an eye examination of its employee, Bernard Frey. The defendant moved pursuant to CPLR 3103 to quash and vacate this notice for a physical examination, on the ground that the plaintiff has established no foundation for the need of an eye examination of its employee, Bernard Frey, and the mere allegation by the plaintiff of a physical disability of said employee does not make it an issue.
The cause of action herein arose out of an injury alleged to have been sustained by the infant plaintiff on March 27, 1969 as he was crossing a street at an intersection of highways in the Town of Amherst and was struck by an automobile operated by the defendant Elizabeth Gibbs. The complaint alleges negligence on the part of the Town of Amherst ‘ ‘ in that the said defendant, Town of Amherst, did retain in its employ, an individual who was improperly trained, improperly supervised and not competent to perform the job of crossing guard at the aforesaid intersection, due to his physical disabilities, which prevented him from so performing properly, to wit: The said Bernard Frey.”
Plaintiff’s motion under CPLR 3101 presents no serious problems. The statute itself provides the test: “ There shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof by: (1) a party, or the officer, director, member, agent or employee of a party”. (CPLR 3101, subd. [a], par. [1].) Admissibility as evidence is not the test to be applied. (Avila Fabrics v. 152 West 36th St. Corp., 22 A D 2d 238.) The words *259 “material and necessary” are to be liberally construed to require disclosure of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues. (Allen v. Crowell-Collier Pub. Co., 21 N Y 2d 403.) A party should not be required to wait until the trial of the action to discover for the first time facts which could have assisted him in his trial preparation and in all likelihood would have apprised all parties of the real issues in a lawsuit. The statute (CPLR 3101) was intended to impede resistance to disclosure, not to nurture it. The motion is granted.
The second motion, that of the defendant Town of Amherst to quash plaintiff’s notice under CPLR 3121 is not so easily disposed of. That statute provides for a physical examination of a party or an employee of a party when the physical condition itself is in controversy. In opposition to the motion to quash the notice and in support of plaintiff’s contention that the physical condition of Bernard Frey, the employee of the Town of Amherst, is in controversy, the plaintiff’s attorney has submitted his own affidavit wherein he states, based upon an attached form from the Department of Motor Vehicles and an attached letter from the same source, that the said Bernard Frey was involved in a motor vehicle accident on October 30,1968; that as a result of the accident in 1968 the Department of Motor Vehicles administered an eye examination to Bernard Frey on April 23, 1969, and the said Bernard Frey failed the eye examination and his license was suspended. The allegation in the complaint (quoted above) alleging physical disabilities of Bernard Frey was answered by the -defendant Town of Amherst with a general denial.
The “ in controversy ” concept of CPLR 3121 has presented serious problems to parties seeking to avail themselves of an obvious statutory intent to liberalize procedure to obtain the special kind of knowledge which might only be discovered through physical examination. The application of the statute to plaintiff (seeking physical examination of an injured plaintiff) was clear, because a plaintiff who claimed to have suffered personal injuries through negligence of another immediately placed his physical condition in controversy by bringing an action. He could be examined to disclose the nature and extent of his injuries.
The converse is not true. It has been stated that physical examinations of defendants involved in accidents will be ordered “ if at all, in rare instances and only upon a clear and unequivocal showing that such physical condition of a defendant is in controversy ”. (7 Carmody-Wait 2d, New York Practice, p. 90; *260 Courtney v. Olsen, 45 Misc 2d 283.) It was made to appear that some special fiat obtains to defendants (not enjoyed by plaintiffs) who wished not to submit to a physical examination. Recent decisions seem to dispel this notion and. may reduce the rarity of such orders.
The application of CPLR 3121 to a defendant was unequivocally stated in Fisher v. Fossett (45 Misc 2d 757), an action for property damage. The court said: ‘ ‘ The right to * * * CPLR 3121 (subd. [a]) is not limited to actions in which the plaintiffs seek recovery for physical injuries. All that the section requires is that the mental or physical condition of a party he in controversy.” (See, also, O’Leary v. Sealey, 50 Misc 2d 658.)
While in the instant case the plaintiff has pleaded “ physical disabilities ” of Bernard Frey, the employee of defendant Town of Amherst, it is significant to note that in Fisher v. Fossett (supra) the court rejected defendant’s argument that since the plaintiff did not plead the defendant’s physical condition they could not avail themselves of remedies under CPLR 3121.
Similarly in Constantine v. Diello (24 A D 2d 821) the court in granting a motion for a physical examination of the defendant (eye examination) said: “The requirement of CPLR 3121 (subd. [a]) that the examination be allowed only if the physical condition of the party is in controversy does not, of course, mean that the movant must prove his case on the merits in order to meet the requirements for a physical examination but he must produce sufficient information to satisfy the court that such condition is in controversy. ’ ’
In Koump v. Smith (25 N Y 2d 287) the court in its decision (Scileppi, J.) contributes significantly to the application of CPLR 3121 to a defendant and to the understanding of the 11 in controversy ’ ’ concept. A plaintiff clearly places his physical condition in controversy by claiming personal injuries. A defendant may place his physical condition in controversy a number of ways including but not limited to affirmatively asserting it in a pleading or at an examination before trial or by having undergone a prior physical examination which substantiated or gave credence to the allegations in the plaintiff’s complaint. (Koump v. Smith, supra, p. 299.) Thus, a statement in an MV-104 report (Fisher v. Fossett, supra) or testimony at an examination before trial (O’Leary v. Sealey, supra) or testimony at a Motor Vehicle hearing (Constantine v. Diello, supra) may place the physical condition of a party in controversy even though it was never raised by the pleadings.
*261 In the instant case the defendant, in seeking a protective order, argues that the physical condition of a party or of a party’s employee, to be “in controversy” under CPLR 3121, is limited to those cases in which the individual sought to be examined is an operator of a motor vehicle. This court cannot agree. All that the statute requires is that the person sought to be examined was an actor in the events complained of. The moving party is not required to prove that the actor caused the accident, to meet the requirements of CPLB 3121. (Constantine v. Diello, supra). However, more is required than an affidavit of the attorney for the plaintiff and a letter and report from the Department of Motor Vehicles which refer to an unrelated accident of Bernard Frey, to place the physical condition of the latter in controversy. These documents standing alone are hearsay and not sufficient to place his physical condition 11 in controversy ’ ’ within the meaning of the statute. It may well be that an examination of the records which the court has authorized pursuant to CPLR 3101 or a pretrial examination of Bernard Frey himself may provide the necessary link required to place his physical condition “ in controversy ”, but upon the present papers, standing as they are alone, the plaintiff has failed to meet the “ in controversy ” test of CPLR 3121.
The defendant’s motion is granted, without prejudice to the plaintiff.