P. Raymond Sieignano, J.
Defendant Elizabeth Masiello moves pursuant to CPLR 3122 to vacate a notice served upon her demanding that she execute written authorizations permitting plaintiff to obtain medical reports and reports from private physicians or hospitals relating to her mental and physical condition from 1965 to date, upon the grounds that her mental and physical condition is not in controversy in this action, and therefore plaintiff is not entitled to such authorization. In support of the motion the moving defendant contends that this suit was commenced by plaintiff, which is a stockbrokerage firm, alleging causes of action in fraud and deceit, breach of contract, moneys had and received, and conversion, involving the sale of 300 shares of Cities Service stock which plaintiff claims that defendant did not own.
Defendant Elizabeth Masiello denied the allegations of the complaint and interposed three affirmative defenses. It is the *785 moving defendant’s contention that a review of the pleadings indicates that the physical and mental health of the movant are not in controversy in this suit, and since this is not a personal injury action the adverse party is not entitled to any confidential records regarding defendant’s physical or mental well-being.
Plaintiff opposes the motion, contending that the movant placed her physical and mental health in controversy when she testified at her examination before trial on July 31, 1973 that she was very sick between December, 1967 and February, 1969 as a result of an operation, and as a result of the fact that she was hit by a car, suffering a concussion and a broken leg, and therefore she did not remember receiving, signing or cashing checks issued by the plaintiff or receiving statements issued by plaintiff regarding her stock account.
•Subdivision (a) of CPLB 3121 in applicable part provides: “ Notice of examination. After commencement of an action in which the mental or physical condition * * * of a party * * * is in controversy, any party may serve notice on another party to submit to a * * * examination by a designated physician * ® * The notice may require duly executed and acknowledged written authorizations permitting all parties to obtain, and make copies of, the records of specified hospitals relating to such mental or physical condition ”.
Thus the question presented to the court upon this application is the interpretation of the words “ in controversy ” as they appear in the statute.
If a plaintiff in a negligence action asserts a mental or a physical injury, he places that condition in controversy within the meaning of the statute. This rule would apply equally to a defendant who asserts his mental or physical condition either by way of counterclaim or as a defense to the plaintiff’s claim (Koump v. Smith, 25 N Y 2d 287, 295).
In the instant case however, this clear cut situation does not exist. In Fisher v. Fossett (45 Misc 2d 757) where neither the plaintiff nor the defendant pleaded the physical condition of the defendant, the court nevertheless held that the defendant’s condition was in controversy. The court based its decision upon the fact that the defendant claimed at an examination before trial and in an MV-104 report that she had a coronary condition which caused her to black out. The court felt that this was an affirmative claim by the defendant that her otherwise negligent conduct was excusable because of her physical condition.
In Constantine v. Diello (24 A D 2d 821) the court .stated: “ The requirement of CPLR 3121 (subd. [a]) that the exami *786 nation be allowed only if the physical condition of the party is in controversy does not, of course, mean that the movant must prove his case on the merits in order to meet the requirements for a physical examination but he must produce sufficient information to satisfy the court that such condition is in controversy (Schlagenhauf v. Holder, 379 U. S. 104).”
Although in Koump v. Smith (25 N" Y 2d 287, supra) the court concluded that the defendant’s physical condition was not in controversy within the meaning of the statute, it did however, set forth a guideline to be followed by the courts when it stated (p. 300): “ The burden of proving that the.party’s mental or physical condition is in controversy, of course, is on the party seeking the examination or hospital records. The affidavits must contain evidentiary matter and not mere conclusory statements.”
In the instant case the plaintiff has offered proof that the defendant Elizabeth Masiello testified at her examination before trial that she did not remember receiving nine periodic statements sent to her by plaintiff, and that during the period in question, to wit, from December, 1967 through February, 1969, she didn’t open her mail because she “ was very sick * * * and there were a lot of things that I [she] didn’t do and I [she] didn’t take care of that ”, and that between January 1, 1967 through about February, 1969, she ‘ ‘ was under psychiatric care.”
Subdivision (a) of CPLR 3101 in applicable part provides:
“ Generally, there shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by:
“ (1) a party * # #
“ (2) a person who possessed a cause of action or defense asserted in the action ’ ’.
Our courts in interpreting what is material and necessary have stated in effect that those words mean “ relevant ”, and in the leading case of Allen v. Crowell-Collier Pub. Co. (21 N Y 2d 403, 406) the court stated that the phrase must be “ interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity.”
Thus in view of the trend toward liberality in disclosure proceedings, the court is constrained in the interest of justice, and especially in view of the admissions by the defendant that she was “ sick ” and “ under psychiatric care ”, to conclude that she did in fact place her physical and mental capacity in controversy, and accordingly the motion is in all respects denied.