Joseph F. Hawkins, J.
There are presented to me for determination in the above two actions no less than 10 motions and cross motions. The three memoranda of law, the several supporting and opposing affidavits are not confined to any particular motion or cross motion but encompass and ipapinge on others; hence, I deem it preferable that they be considered *236 together than in isolated fashion and their dispositions embodied in one consolidated opinion.
The underlying action is to impress a trust ex maleficio, for an accounting, and for related injunctive relief. Plaintiff, now some 89 years of age, alleges she was imposed upon and importuned to convey unlawfully real property and personal property of very substantial value to the defendants who were in her employ as family retainers. Some appreciation of the magnitude of the alleged misappropriations is gleaned from the affidavits which speak of $300,000 and $400,000 as the value of some of the properties.
I, firstly, consider plaintiff’s application under CPLR 3101 (subd. [a], par. [3]) for an order to perpetuate her testimony, understandably concerned with plaintiff’s advanced age and physical disabilities, her counsel is apprehensive she may not be available or capable of testifying when the action is finally - brought to trial. The defendant Teed cross-moves to strike the said notice and, alternatively, should plaintiff’s motion be granted, for the extraordinary relief of compelling the plaintiff to submit to a medical examination prior to her being deposed. The latter is characterized by plaintiff’s attorney as “ startling ’ ’ and ‘ ‘ unprecedented ’ ’. The plaintiff further counters by stating she-had been assured by her personal physician that there are no medical reasons militating against her being examined before trial and, presumably, subjected to such cross-examination as the defendants may be advised to conduct.
I am persuaded by reason of the plaintiff’s age, the state of her physical condition and, coupled with the likelihood of protracted and extensive pretrial and procedural motions,— surely, a reasonable prediction in view of the myriad motions before me at this initial stage of the litigation — that she may well be unavailable to attend when the actions are finally ready for trial.
Respecting the defendants’ cross motion, their demand is not only for the ‘ ‘ physical examination ” of the plaintiff, prior to her being deposed, but also, that a physician be in attendance pursuant to CPLR 3121. In support they cite, inter alia, Koump v. Smith (25 N Y 2d 287) and Turner v. Town of Amherst (62 Misc 2d 257). In the former, the Court of Appeals clearly an(l unmistakably held that the statute was applicable only to actions for personal injuries ‘ ‘ in which mental or physical condition is affirmatively put in issue,” (Koump v. Smith, s.upra, p. 294) and that the doctor-patient privilege is necessarily waived by plaintiff by bringing an action for personal injuries. The pre *237 fatory language fully explains the ruling, the court holding (p. 294), “ We hold therefore that by bringing or defending a personal injury action in which mental or physical condition is affirmatively put in issue, a party waives the privilege.”
Turner {supra) similarly involves an action for personal injuries and, in part, holds contrary to the interpretation advanced by the defendants. There, also in an action for personal injuries, the party or person sought to be examined was a codefendant. The court denied the physical examination, at that time, and held it would be entertained .only if it proved necessary after the hospital records had been examined.
I hold that, at bar, there has been a failure by the defendants to establish that they are entitled to an examination of the plaintiff under CPLR 8121 for the burden is, indeed, upon these defendants to establish that her physical condition is “in controversy.”
Respecting the plaintiff’s motion for an examination before trial of the defendant Teed, it is granted. Defendants’ cross motion for a protective order rests on two premises: firstly, that it is premature under CPLR 3106 and, secondly, if granted, that the scope should be limited. As for the latter, it appears thaf .the defendant Pectal has no objection to the examination, but that it be limited to the period from .September, 1971 to date. Respecting the contention of prematurity, much reliance is placed on Van Valkenburgh, Nooger & Neville v. Rider Publisher (24 A D 2d 437, 438). An examination of that opinion establishes that its rationale was to bar a litigant from obtaining undue advantage. The court there noted “ A defendant might, on the basis of the complaint originally served, intentionally forego his right to priority of examination, but thereby he should not be held to have Avaived such right if an amended complaint is served. The true observance of a rule giving defendants the right to priority of examination requires that such right be preserved on the service of an amended complaint as well as on the service of the original complaint. Any other conclusion has a tendency to circumvent the CPLR objective.”
I further find, save as above indicated, no legal basis for constricting and limiting the scope of such examination and particularly in vieAV of the nature of the action, the complaint’s allegations and the parties’ circumstances. The plaintiff, inter alia, seeks ¡an accounting and surely she should be permitted to examine defendants with respect to their income tax returns and other related matters. Accordingly, the order to be entered hereon is to set the examinations for Novembr 4, 1974, com *238 mencing at 10:00 a.m., to be held at the County Court House, Poughkeepsie, New York, unless counsel agree on another time, date and place.
Reverting to the plaintiff’s application to perpetuate her testimony by deposition before trial, I am mindful that there are varied opinions by the appellate courts as to the circumstances under which Special Term on its own motion can impose a referee upon a reluctant litigant. Although I ,am persuaded that the extraordinary facts and factors here justify such designation, ■there is insufficient judicial manpower available to supervise the several examinations.