OPINION OF THE COURT
Albert A. Oppido, J.
This is a motion by defendant, Cordis Corporation, for an order compelling both plaintiffs to supply the defendant with authorizations to obtain the records of all hospitals, physicians and psychologists consulted by them.
Plaintiffs have agreed to supply the authorizations for plaintiff, Larry Sarner’s, medical records and treatment claiming that since Mrs. Sarner’s action is only derivative in nature, her physical condition is not in issue in this lawsuit. The court disagrees.
The plaintiff, Larry Sarner, has commenced the present action for personal injuries based upon negligence, breach of warranty and strict liability in tort. The plaintiff, Susan Sarner, claims that because of the defendants’ actions she “has been deprived of the services, society, companionship, consortium and support” of her husband. In the court’s view, Mrs. Sarner’s mental and physical condition is “in controversy”, pursuant to CPLR 3121, for if Mrs. Sarner was herself disabled or unable to provide society for her husband then her damages due to Mr. Sarner’s disability would be an issue which the jury would have to determine.
*403 At the examination before trial, Mrs. Sarner testified she had seen Doctor Penzer, a psychologist, and had discussed with him her concern over her husband’s pacemaker and his health. She also testified that in 1978, she had an accident and had seen an orthopedist, Dr. Harold Alexander, and a dermatologist, Dr. Isaac Willis, in connection with the accident.*It also appears that both Sarners have seen Dr. Marion O’Neill, a psychologist. The records of each of the afore-mentioned physicians and psychologists would appear to be material ?md relevant to the issue of the damages claimed to have been sustained by Mrs. Sarner.
The Court of Appeals has held that “by bringing *** a personal injury action in which mental or physical condition is affirmatively put in issue, a party waives the [doctor-patient] privilege.” (Koump v Smith, 25 NY2d 287, 294.) Further, the court went on to say t]iat because of the “strong policy in favor of full disclosure unless the information sought is immunized, the burden of showing the appropriate immunity should be on the party asserting it”, (Koump v Smith, 25 NY2d 287, 294, supra.)
On the papers submitted, the plaintiffs have not sustained their burden of establishing the nonwaiver of the physician-patient privilege set forth in CPLR 4504. Indeed, the only affidavit affirmation submitted on behalf of plaintiffs was an affirmation by their attorney, not based upon personal knowledge and, thus, of no probative value. (See Koump v Smith, supra, at p 300.)
In sum, plaintiffs must fully comply with defendant; Cordis Corporation’s notice to produce, dated October 14, 1980, with the exception of Item K, which is overbroad. (Ciembroniewicz v Madigan Mem. Hosp., 72 AD2d 653.)

 This accident occurred approximately two years after the events giving rise to Larry Samer’s claims against the defendants.