■ MARIA GAGLIA, Appellant, v ERNEST E. WELLS, JR., Respondent, et al., Defendant. (And Another Action.)—In an action to recover damages for personal injuries, plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), dated February 28, 1984, as denied those branches of her motion which sought an order directing defendant Wells to (1) furnish her with authorizations to obtain certain hospital and medical records, (2) provide her with a copy of a statement made by defendant Wells to his insurer, and (3) submit to a physical examination.

Order modified by deleting the fourth decretal paragraph thereof denying that branch of plaintiff's motion which sought to obtain a copy of a statement made by defendant Wells to his insurer and substituting therefor a provision granting that branch of plaintiff's motion. As so modified, order affirmed insofar as appealed from, without costs or disbursements.

Defendant Wells' physical condition was not placed in controversy by plaintiff's unsupported allegations that Wells was intoxicated at the time of the accident (*cf. Koump v Smith,* 25 NY2d 287; *Turner v Town of Amherst,* 62 Misc 2d 257). Neither was it placed in controversy by the testimony of

defendant Wells at an examination before trial that he had no recollection of the circumstances surrounding the accident. Presumably he is not asserting his loss of memory as a basis for absolving himself of liability; he is simply testifying as to his lack of recollection of the facts of the accident. Therefore, he may not be charged with putting his physical condition in controversy (*cf. Koump v Smith, supra; Estabrook & Co. v Masiello,* 75 Misc 2d 784; *Fisher v Fossett,* 45 Misc 2d 757). Because plaintiff has failed to clearly and unequivocally show that defendant Wells' physical condition is in controversy, we affirm Special Term's denial of those branches of her motion which sought to obtain certain of his hospital and medical records and to conduct a physical examination of him (*cf.* CPLR 3121 [a]; *Schlagenhauf v Holder,* 379 US 104; *Courtney v Olsen,* 45 Misc 2d 283).

However, plaintiff is entitled to a copy of a statement allegedly made by defendant Wells to his insurer regarding the circumstances surrounding the accident. While such a statement constitutes material created by or for a party or his agent in preparation for litigation and is, therefore, conditionally privileged (*see,* CPLR 3101 [d]; *Cohen v Hardy,* 23 AD2d 793), plaintiff has shown that it can no longer be duplicated, since defendant Wells now cannot recall the accident, and that withholding it would result in injustice and undue hardship since the only other witness to the accident, the plaintiff, has amnesia. Therefore, that branch of plaintiff's motion seeking a copy of the alleged statement is hereby granted (*cf.* CPLR 3101 [d]; *Vernet v Gilbert,* 90 AD2d 846). If, as defendant Wells seems to suggest, no such statement exists, an affidavit to that effect from a representative of his insurance company will fulfill his obligation. Thompson, J. P., Brown, Weinstein and Kunzeman, JJ., concur.