OPINION OF THE COURT
Bernard F. McCaffrey, J.
This motion by plaintiffs for an order pursuant to CPLR 3122 vacating the defendant’s demand for authorizations as to plaintiff, Marvin Waldman, is denied.
The within action seeks damages on account of the alleged negligence of defendant wherein it is claimed that the plaintiff, Ellen Waldman, suffered permanent injuries as a result of wearing a "Daikon Shield” intrauterine device. Plaintiff, Marvin Waldman, interposed a derivative action for alleged loss of services. The device itself was inserted in the early 1970’s, but it was not until February of 1982 that plaintiff, Ellen Wald-man, had the first of three ectopic pregnancies. At issue in the herein lawsuit is the relationship between the Daikon Shield and the ectopic pregnancies.
In response to certain interrogatories the plaintiff, Marvin Waldman, answered that he received certain medications prescribed by Drs. Etra and Strauss, and that he, along with his wife, were seen by the North Shore University Hospital Fertility Clinic. Medical authorizations were requested of plaintiff, Marvin Waldman, to obtain records of his treatment *332 by Drs. Etra and Strauss, and his visits to the North Shore Hospital. Objection has been taken to the provision of any medical authorizations with respect to Marvin Waldman as it is contended that Marvin Waldman, by interposing a derivative loss of service claim, has not placed his own medical condition at issue and that his medical records are immune from discovery, citing Scharlack v Richmond Mem. Hosp. (102 AD2d 886).
The plaintiffs’ reliance on Scharlack v Richmond Mem. Hosp. (supra) is misplaced. One who sues in a representative capacity is in a far different posture than one who is a named party not suing in a representative capacity, and such an individual pursuing a derivative cause of action such as plaintiff, Marvin Waldman, has placed his medical condition in issue. (See, Sarner v Cordis Corp., 108 Misc 2d 402.)
CPLR 3101 (a) provides that, "[tjhere shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action”. New York courts have repeatedly held that discovery devices are to be liberally construed to enable the parties to secure information which may prove necessary for the prosecution or defense of an action. The landmark case of Allen v Crowell-Collier Pub. Co. (21 NY2d 403, 406) made it clear that with respect to CPLR 3101 (a): "The words 'material and necessary’ are * * * to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issue and reducing delay and prolixity. The test is one of usefulness and reason”.
In the case at bar the medical history of Marvin Waldman is clearly material and relevant to the alleged claim. Not only is he a party to the action, his medical history is vital to a proper determination of the cause of Ellen Waldman’s injuries, and his medical records should be discoverable as information material and relevant to the defense of the action.
Finally, it is noted that the plaintiff, Marvin Waldman, responded to interrogatories relating to his medical history. By doing so, he voluntarily waived any physician-patient privilege he might otherwise have had prior and subsequent to the claim herein. (Herbst v Bruhn, 106 AD2d 546.)
Accordingly, the motion for a protective order is denied. Plaintiff, Marvin Waldman, is directed to comply with the demand for authorizations dated May 20, 1985 within 15 days after service of a copy of this order upon plaintiffs’ attorney.