OPINION OF THE COURT
Bernard F. McCaffrey, J.
This is a motion by plaintiffs which seeks an order directing defendants to comply with plaintiffs’ notice to produce dated February 7, 1985. Said notice seeks certain medical authorizations of defendants, who do not claim any personal injuries arising out of an automobile accident involving plaintiffs and defendants which occurred on or about May 28, 1985. The defendants resist compliance with said notice to produce upon the ground of the doctor-patient privilege and their contention that such a request is palpably improper and totally irrelevant inasmuch as it is claimed that the medical condition of defendants is not in issue as they have made no claim for personal injuries.
The original pleadings and the contentions of the plaintiffs as to which of the defendants was operating the vehicle which came in contact with plaintiffs’ vehicle are central to the demand made by plaintiffs upon defendants for certain medical information.
The complaint alleges that defendant, Howard Koster, was *343 operating the vehicle owned by defendant, Gladys R. Koster, at the time of the accident. The original answer which was verified by defendants’ counsel, not by either defendant, denied upon information and belief the plaintiffs’ allegation that, "on or about the 28th of May 1984, the defendant, Howard Koster, was operating the motor vehicle owned by the defendant, Gladys R. Koster, and the defendant, Gladys R. Koster, was a passenger therein.” At the same time at paragraph seventh of the answer, in asserting a counterclaim against plaintiff, Richard V. Swartz, defendants allege, again through counsel, upon information and belief "that at all times mentioned defendant, Gladys R. Koster, owned and defendant, Howard Koster, operated and controlled a certain motor vehicle bearing license plate #30540C registered in the State of Pennsylvania.”
At their examinations before trial the plaintiffs testified that they both observed defendant, Howard Koster, driving the Koster 1984 Oldsmobile which they claim went through a red signal light and struck them. They stated that they saw his face and that he looked as though he was in a trance. They claim he did not make any attempt to stop his vehicle or otherwise take action to avoid the collision. They further indicate that on the morning of the accident they ascertained at the hospital that defendant, Howard Koster, was a heart patient and that he had previously undergone significant heart surgery.
Plaintiffs seek the hospital reports of defendant in an effort to fix their position in the automobile at the time of the accident. This they contend is necessary, material and relevant, notwithstanding the fact no claim is made on their behalf for personal injuries.
The counterclaims interposed on defendants’ behalf have to do with (1) their contention that if plaintiff, Virginia Swartz, sustained injury it was caused by the negligence of plaintiff, Richard V. Swartz, and (2) their own claim against plaintiffs for the property damage sustained to the Koster vehicle.
In interrogatories responded to by defendants they assert that defendant, Howard Koster, was a passenger in the vehicle in question which they assert was being driven by defendant Gladys Koster. It is contended that the allegation in the original answer as to paragraph seventh was a typographical error. An amended answer was then served upon plaintiffs’ attorneys revising paragraph seventh to reflect that Howard *344 Koster was a passenger and Gladys R. Koster was driving the Koster vehicle. Plaintiffs’ attorneys report that they did not refute the amended answer to avoid unnecessary motion practice.
The fact the defendants never objected to the notice to produce until a motion to compel their compliance with it is not fatal to their opposition to the notice at this time, since they assert it is palpably improper in terms of the claimed doctor-patient privilege. Therefore, the court will consider the merits of the application on that issue.
CPLR 3121 applies to all actions where the mental or physical condition of a party is in controversy and permits discovery where said condition is in controversy.
It is clear that CPLR 3121 permits discovery of one’s medical condition whether the party is plaintiff or defendant. Examination of a defendant by a plaintiff presents a problem, however, because aside from the more obvious situation where the defendant has asserted his physical or mental condition by way of a counterclaim, it is not always so clear as to whether or not his condition is placed "in controversy”. (See, Koump v Smith, 25 NY2d 287, 295.) It should be noted here that a party’s mental and physical condition is not "in controversy” for purposes of CPLR 3121 (a) solely because another party through his pleadings puts such condition in issue. (See, 3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3121.01.) This is, of course, consistent with the holding in Koump v Smith (25 NY2d 287, 294, supra) wherein the Court of Appeals said, "by bringing or defending a personal injury action in which mental or physical condition is affirmatively [emphasis added] put in issue, a party waives the privilege”. The rule laid down in Koump v Smith is limited to cases in which a defendant affirmatively asserts the condition either by way of counterclaim or to excuse the conduct complained of by the plaintiff (supra, at p 294).
The defendants claim that defendant, Howard Koster, has not placed his condition in "issue”. However, it should be noted that there is no requirement in CPLR 3121 (a) that the physical or mental condition of a party be at "issue”, only that it be in "controversy”. (See, 3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3121.01; see also, Fisher v Fossett, 45 Misc 2d 757, 758; also, Constantine v Diello, 24 AD2d 821.) In order for the defendant’s condition to be "in controversy” it is necessary for the alleged impairment — physical or mental— to relate to, *345 contribute to, or in some way attempt to mitigate the claims for damages or other relief sought by the plaintiff. (3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3121.01.)
In the case at bar the condition of defendant, Howard Koster, has not been placed in controversy solely through plaintiffs’ pleadings. The original answer of the defendants, although same may be demonstrated to be in error, placed the said defendant at the wheel of the Koster vehicle, where the sworn testimony of the plaintiffs do also further describing what appeared to be his state of health, all said to be relating to or contributing to the happening of the accident.
Further compounding matters here is that the pleadings of the defendants, both the original and the amended answers, were never verified by either of the defendants, so that the denial of paragraph ninth of the complaint and the assertion of paragraph seventh of the answers are those of defendants’ attorneys on "information and belief’.
The court finds that the plaintiffs are entitled to require compliance with items Nos. 1 and 2 of their notice to produce dated February 7, 1985, without prejudice to a renewal on plaintiffs behalf for further discovery depending upon their review of the record contained in items Nos. 1 and 2 aforesaid. Defendants are directed to comply with same within 25 days after service of the order to be submitted herein.