■ NATASHA MARTIN, an Infant, by MARY MARTIN, Her Mother and Natural Guardian, Respondent, v NASSAU COUNTY COMMISSION ON HUMAN RIGHTS et al., Appellants.—In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Molloy, J.), dated May 28, 1985, which denied their motion for a protective order striking the plaintiff's notice for discovery and inspection.

Order modified, by granting the defendants' motion for a protective order solely to the extent of (1) limiting items Nos. 8 and 10 of the plaintiff's notice for discovery and inspection to the names, positions and business addresses of the employees specified therein, and (2) limiting items Nos. 9 and 16 thereof to those instances where defendant Lloyd was operating a motor vehicle. As so modified, order affirmed, without costs or disbursements. The defendants' time to comply with the notice for discovery and inspection is extended until 30 days after service upon them of a copy of the order to be made hereon, with notice of entry.

Certain items in plaintiff's notice for discovery and inspection were either overbroad or not material and necessary to the action. Accordingly, the order appealed from, which denied defendant's motion for a protective order, has been modified to the extent indicated (see generally, Allen v Crowell-Collier Pub. Co., 21 NY2d 403; Rios v Donovan, 21 AD2d 409; Green v Carey Transp., 38 AD2d 711; Turner v Town of Amherst, 62 Misc 2d 257). Mangano, J. P., Bracken, Weinstein, Lawrence and Kooper, JJ., concur.

■ KRISTIAN A. MILLER, an Infant, by His Guardian ad Litem, SUSAN S. MILLER, et al., Respondents, v ANDREW F. MILLER, Appellant.—In an automobile negligence action, defendant appeals, on the ground of excessiveness, from a judgment of the Supreme Court, Orange County (Rubenfeld, J.), entered November 19, 1984, which, upon a jury verdict, is in favor of the infant plaintiff in the principal sum of $50,000.

Judgment affirmed, with costs.

The jury's assessment of the infant plaintiff's damages is not shocking to the conscience of the court. Lazer, J. P., Thompson, Rubin and Kunzeman, JJ., concur.