OPINION OF THE COURT
Peter Tom, J.
Before the court are three motions which have been consolidated for decision.
Petitioner moves for an order compelling respondent Gruber to submit to a physical examination; Brooklyn Law School— Senior Citizen Law Office moves for an order permitting a guardian ad litem to be appointed for respondent Gruber; and Hudson H. Reid, Esq., moves for an order withdrawing as attorney for respondents Gruber and Obermeyer.
This is a holdover proceeding in which petitioner claims that respondent Gruber will no longer be able to maintain her rent-controlled apartment as her primary residence due to her physical and mental condition. Respondent is 84 years old and *345 has been an inpatient of Isabella Geriatric Center in New York City since October 1984.
Petitioner in this motion seeks, by leave of court, to conduct a physical examination of respondent Gruber to prove the fact that she can no longer return to the apartment.
This motion raises a novel issue as to whether the court can grant permission to a landlord, in a holdover proceeding, to conduct a physical examination of a tenant, who is confined in a geriatric center, to determine whether the tenant is capable of returning to the apartment and to maintain the premises as her primary residence.
Although petitioner does not cite any authority for this application, the court refers to CPLR 3121 (a). This section provides in pertinent part that in an action where the physical or mental condition of a party is in controversy, the other party may serve a notice on such party to submit to a physical or mental examination by a designated physician.
CPLR 3101 (a) provides for full disclosure of evidence which are material and necessary in the prosecution or defense of an action. This section gives litigants a wide latitude in disclosure procedures, however, there is privileged information which is not discoverable.
CPLR 3101 (b) provides that upon objection of a party, privileged matter shall not be obtainable.
CPLR 4504 and 4507 provides that any information acquired by a physician or psychologist of a patient, in their professional capacity, is privileged and may not be disclosed unless the patient waives the privilege.
CPLR 3121 (a) limits the application of section 3101 (b) to the extent that a party who affirmatively places his physical or mental condition in controversy waives the privilege and the doctor-patient communication may be discoverable. (Koump v Smith, 25 NY2d 287; Watson v State of New York, 53 AD2d 798.) The rationale is that a party who asserts such condition as a basis to seek damages or to avoid liability should not be permitted to use the privilege to prevent the other party from discovering or ascertaining the truth of such condition. The privilege rule was designed to protect the trust and confidentiality confided in physicians by patients and not as a sword to strike an advantage over opposing parties. (Koump v Smith, supra.) Section 3121 (a) is often utilized in negligence cases where the plaintiff places his physical condition in controversy by claiming an injury. This section applies *346 equally to a defendant in cases where defendant asserts his physical condition in controversy either in his defense or a counterclaim. (Koump v Smith, supra; Fisher v Fossett, 45 Misc 2d 757; Constantine v Diello, 24 AD2d 821; Estabrook & Co. v Masiello, 75 Misc 2d 784.)
In the instant proceeding the petitioner is the party who placed the physical condition of respondent in controversy and not respondent. Petitioner argues that since respondent Gruber has been confined in the Center for such an extensive period of time she placed her physical and mental condition in issue. This argument must be rejected since a party’s physical fitness is not put in controversy for purposes of CPLR 3121 (a) by another party who merely asserts such condition in his pleadings (O’Leary v Sealey, 50 Misc 2d 658).
The party whose examination is sought must affirmatively raise in controversy her physical or mental condition to waive the privilege communication. Respondent in this proceeding did not take any action to place her physical or mental fitness in controversy for petitioner to examine her pursuant to CPLR 3121 (a). (Koump v Smith, supra; Watson v State of New York, supra.)
The burden of proving that a physical condition is in controversy is placed on the party seeking the examination. (Koump v Smith, supra.)
Petitioner’s motion is void of any evidentiary proof to warrant the granting of this relief. The motion contains only a supporting affirmation by petitioner’s attorney. An affirmation by an attorney without personal knowledge of the facts is without probative value and must be disregarded. (Koump v Smith, supra; Vohs v Long Is. Jewish Hosp., 89 Misc 2d 347; Sarner v Cordis Corp., 108 Misc 2d 402.)
Further, a physical examination of an 84-year-old woman who is confined in a geriatric center and whose physical condition the court has not been apprised of, will be unduly burdensome and may be injurious to her health. (65 Cent. Park W. v Greenwald, 127 Misc 2d 547.)
Accordingly, petitioner’s motion is denied.
Brooklyn Law School — Senior Citizen Law Office (hereinafter known as BLS) moves, as a friend, for permission to have a guardian ad litem appointed on behalf of respondent Gruber for purposes of defending this proceeding.
BLS is a senior citizen law office funded by the New York City Department for the Aging which provides free legal *347 services to the elderly, in Manhattan, with social and economic needs.
Respondent Obermeyer, who is the daughter of respondent Gruber, requested BLS to represent her mother in this proceeding. A staff attorney of BLS visited respondent Gruber in the Center and has determined that her condition has debilitated to the extent that she can no longer make a decision as to whether or not she wishes BLS to represent her. This prompted BLS to make this motion.
CPLR 1202 (a) provides in relevant part that a court may appoint a guardian ad litem at any stage in the action upon its own initiative or upon the motion of a relative, friend or a guardian.
It appears that respondent Gruber has no comprehension of the pending proceeding against her or the intentions of BLS in interceding on her behalf. The court does not doubt the accuracy of the finding of the BLS attorney who interviewed respondent Gruber for approximately an hour.
The court has the duty to protect a litigant who is incapable of protecting his or her interests. This protection extends not only to the person but also his or her property. (Barone v Cox, 51 AD2d 115.)
It is in the interests of all parties that a guardian ad litem be appointed for respondent in this proceeding since a default judgment entered against a party incapable of protecting her interests is invalid and unenforceable. (CPLR 1203; Barone v Cox, supra.) Respondent Gruber has not appeared in this proceeding nor does it appear that she will appear on future court dates. Respondent Obermeyer cannot represent her interests since Obermeyer is a named respondent in this proceeding, and there may be a conflict of interests between both parties.
BLS is seeking to protect the interests of Johanna Gruber in furtherance of its chartered program which is to provide free legal services to the elderly with social and economic needs. BLS qualifies as a "friend” pursuant to CPLR 1202 (a).
Motion by BLS is granted to the extent of marking this proceeding off the calendar and permitting BLS, as a friend, to move for an order appointing a guardian ad litem on behalf of respondent Gruber for the purposes of defending this proceeding and interposing any counterclaims. BLS shall make this motion within 30 days after service of a copy of this order with notice of entry.
*348 A motion to appoint a guardian ad litem shall be made in the court in which the action is triable (CPLR 1202). Since the Housing Court, which is part of the Civil Court, is not vested with the authority to appoint a guardian, the motion shall be made returnable to the Civil Court, Special Term, Part II, which has the appropriate jurisdiction.
The parties may move to restore this proceeding back to Part 18-D for trial after an order appointing a guardian ad litem has been properly entered and filed.
Respondent Obermeyer shall continue to pay use and occupancy to petitioner, without prejudice to either side, pursuant to the order of the court dated April 18, 1986 until further direction of the court.
Motion by Hudson H. Reid, Esq. (hereinafter known as Reid) to withdraw as attorney for respondent Gruber and Obermeyer is decided as follows:
Reid claims that he only represents respondent Obermeyer and not respondent Gruber. He alleges that his secretary mistakenly placed the name of Johanna Gruber in his notice of appearance for respondent Obermeyer.
The court cannot accept Reid’s excuse of a typographical mistake in his notice of appearance. The notice not only contained the name of Johanna Gruber but factual information regarding Gruber’s period of tenancy in the premises, her age and her health condition. Reid also interposed a counterclaim on her behalf. He further argued this case on behalf of both respondents Gruber and Obermeyer during different court appearances.
Reid, in his affirmation, also affirmed that he never discussed this matter with respondent Gruber, and that she has never authorized him to represent her. The information regarding Johanna Gruber was allegedly given to him by respondent Obermeyer.
The court finds that respondent Gruber never retained Reid as her attorney and, therefore, the notice of appearance served and filed on her behalf by Reid is void. The conduct of Reid in leading petitioner and the court to believe that he had apparent authority to represent Johanna Gruber should not be disregarded.
Accordingly, that branch of Reid’s motion to withdraw as attorney for respondent Gruber is granted and Reid shall personally pay to petitioner’s attorney the sum of $200 for the time, trouble, expenses and inconvenience caused by the filing *349 of a notice of appearance on behalf of Johanna Gruber (Gabrelian v Gabrelian, 108 AD2d 445).
That portion of Reid’s motion to withdraw as attorney for respondent Obermeyer is also granted. It appears that respondent Obermeyer has not interposed any objection to her attorney withdrawing from this case. Since this case will be marked oif the calendar pending the appointment of a guardian ad litem, respondent Obermeyer will be given ample time to seek new counsel. The granting of this motion will not prejudice her or petitioner.