■ KRISTIAN A. MILLER, an Infant, by His Guardian ad Litem, SUSAN S. MILLER, Appellant, v ANDREW F. MILLER, Defendant.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Orange County (Isseks, J.), dated January 4, 1983, which dismissed the complaint after a jury verdict to the effect that the plaintiff had not suffered a "serious injury" within the meaning of Insurance Law § 5102 (d). Upon our initial consideration of the appeal we found, as a matter of law, that the plaintiff had suffered a "serious injury" and that the defendant was liable to the plaintiff for the injury. The judgment was reversed and the case was remitted to the Supreme Court, Orange County, for entry of an interlocutory judgment holding that the plaintiff suffered a "serious injury", and adjudicating the defendant liable to the plaintiff, and for a trial on the issue of damages (Miller v Miller, 100 AD2d 577). The interlocutory judgment was entered on April 9, 1984. A trial was held on the issue of damages and on November 19, 1984, a judgment was entered (Rubenfeld, J.) in favor of the plaintiff in the principal sum of $50,000. Upon the defendant's appeal from the judgment on the ground of excessiveness, this court affirmed that judgment (Miller v Miller, 117 AD2d 656). The defendant appealed to the Court of Appeals, which held that the question of whether the plaintiff suffered a serious injury was one of fact and not of law under the procedural posture of this case and thereupon reversed both orders of this court and remitted the appeal from the judgment dated January 4, 1983 for consideration of the facts (Miller v Miller, 68 NY2d 871).

Ordered that the judgment dated January 4, 1983 is reversed, the interlocutory judgment entered April 9, 1984 and the judgment entered November 19, 1984 are vacated, and the matter is remitted to the Supreme Court, Orange County, for a new trial on the issue of whether the plaintiff sustained a "serious injury" under Insurance Law § 5102 (d), with costs to abide the event. The findings of fact as to damages are affirmed.

Upon reconsideration of the facts with respect to the issue of "serious injury", we conclude that the jury's verdict that the plaintiff did not suffer a permanent loss of use of a body function was against the weight of the evidence (see, Nicastro v Park, 113 AD2d 129). As we noted in our initial decision, the defendant did not dispute the testimony of the treating physician that the injury to the muscle around the plaintiff's lower lip caused a permanent loss of function.

The matter is therefore remitted for a new trial solely on the issue of "serious injury" since the defendant conceded liability. In the event the jury finds in the plaintiff's favor on the issue of serious injury, we see no need for a new trial on the issue of damages (see, e.g., Trimarco v Klein, 56 NY2d 98; Schabe v Hampton Bays Union Free School Dist., 103 AD2d 418), and a judgment in favor of the plaintiff in the principal sum of $50,000 may be entered. Thompson, J. P., Kunzeman, Rubin and Eiber, JJ., concur.