■ SHEILA BROWN et al., Appellants, v JAY M. BAUMAN, M.D., Respondent, et al., Defendants. MARC HOROWITZ, Nonparty Respondent. [827 NYS2d 140]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about December 19, 2005, which denied plaintiffs' motion to compel defendant obstetrician to provide authorizations for the medical records of his own treating orthopedist, and to compel such orthopedist's deposition, unanimously affirmed, without costs or disbursements.

Plaintiffs assert that Dr. Bauman's failure to appear in the delivery room in time to deliver their child was a departure from accepted medical practice that proximately caused a lacer-

ation of the mother's perineum during childbirth. Dr. Bauman attributed his lateness to back spasms that forced him to rest at home before heading to the hospital. In so alleging, he placed his physical condition "in controversy" within the meaning of CPLR 3121 (*see Estabrook & Co. v Masiello*, 75 Misc 2d 784 [1973]). However, he asserts that he arranged for a substitute physician and, according to his expert's unrebutted affirmation, when an obstetrician is unable to attend a delivery, accepted standards of practice call for the obstetrician to arrange for treatment by a competent, experienced, substitute physician. Therefore, the competence of the substitute is the issue, and the cause of Dr. Bauman's absence is not the gravamen of this malpractice claim. Dr. Bauman's back condition did not prevent him from making arrangements for a substitute, so that condition is not material at this juncture. Plaintiffs fail to show the need for authorizing release of the orthopedist's records, or the taking of that doctor's deposition. Concur—Saxe, J.P., Sullivan, Williams, Sweeny and Malone, JJ.